UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CHRISTOPHER FRANCES SMITH**                                  **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 4:17-CV-P163-JHM**

**JAILER AMY BRADY**                                             **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Christopher Frances Smith, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the claims against Defendant will be dismissed, and Plaintiff will be given an opportunity to amend his complaint.

**I. SUMMARY OF CLAIMS**

Plaintiff, a pretrial detainee at the Henderson County Detention Center (HCDC), names as Defendant HCDC Jailer Amy Brady in her official capacity. Plaintiff raises claims of unhealthy living conditions and of his life being placed in danger. He alleges that his living conditions are very dangerous and overcrowded with as many as 52 prisoners kept in the approximately 800 square-foot indoor recreation area of the HCDC. He states that the inmates are given mats, not beds, and that there is very little floor space to walk on. He states that the 6-foot by 6-foot restroom is constantly in use, resulting in a line to use it, and that inmates eat on the floor.

Plaintiff also alleges that he was attacked in the restroom because it was "off camera." He states that after he was attacked, he was taken to the nurse's station where he told the nurse

that he needed to go to the hospital for x-rays, but they did not take him. He states, "I hurted for weeks I [filled] out sickcall but nothing and my belongings got stolen no one was charged."

Plaintiff attaches several exhibits to his complaint. These include grievances about his belongings having been stolen. The response was that the responding officer had been notified that his belongings had been returned to him, but that he would make sure that a bar of soap was sent to Plaintiff, nonetheless. Also included was a grievance stating, "My knee is still hurting me and my ribs." The response was that Plaintiff needed to "submit a sick call."

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff sues only HCDC Jailer Amy Brady in her official capacity. If an action is brought against an official of a governmental entity in his or her official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the HCDC Jailer in her official capacity are actually brought against the Henderson County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Henderson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th

Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The Court finds that Plaintiff does not allege a custom or policy regarding his claim that he did not receive medical treatment or that his personal items were stolen. These were isolated incidents only affecting Plaintiff. But he does allege a custom or policy regarding his claim related to the overcrowding of HCDC. However, the conditions of confinement related to the alleged overcrowding do not rise to the level of a constitutional violation. Overcrowding in a prison is not itself a violation of the constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id*. at 348. Plaintiff's allegations that HCDC is crowded, that inmates must eat on the floor and sleep on mats rather than beds, and that there is a line to use the restroom are not deprivations of the minimal civilized measure of life's necessities. *See, e.g.*, *Agramonte v. Shartle*, 491 F. App'x 557, 559-60 (6th Cir. 2012) (finding that plaintiff's allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, that there were lines to use the bathrooms and showers, and that there were no

comfortable places to sit to watch television or write letters failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *see also Humphrey v. Fulton Cty.. Det. Ctr./Med.*, No. 5:13CV-P89-R, 2013 WL 5755619, at *5 (W.D. Ky. Oct. 23, 2013) ("Plaintiff's complaint that he was required to sleep on a mat does not rise to the level of an Eighth Amendment violation.").

Thus, Plaintiff fails to state a claim against Defendant Brady in her official capacity. **However, the Court will allow Plaintiff an opportunity to amend his complaint to name individual Defendant(s) sued in their individual capacity, whom he alleges violated his rights, and explain how each Defendant allegedly violated his constitutional rights.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against Defendant Brady are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order, Plaintiff may amend his complaint to name Defendant(s) in his/her/their individual capacities who he alleges violated his constitutional rights. The Court will conduct an initial review of the amended complaint. If Plaintiff files no amended complaint within the time allotted, the action will be dismissed for the reasons stated herein.

The Clerk of Court is **DIRECTED** to send to Plaintiff a 42 U.S.C. § 1983 complaint form with the instant case number and the word "AMENDED" affixed thereto, as well as four blank summons forms.

Date: April 13, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
Henderson County Attorney
4414.009